REFORMED AND RENDERED.

## John May v. The State.

1. The case of The State v. Smith, *ante* 132, cited and approved, to the effect that Article 2076, Paschal's Digest, is in force and not repealed, punishing the sale of intoxicating liquors, permitting them to be drunk at the place where sold.

2. In a trial of an indictment framed under Article 2076, Paschal's Digest, the court below instructed the jury that "if they believed,

from the evidence, that the defendant sold the whisky, as charged in the indictment, and suffered it to be deposited in his house where the party purchasing knew where it was, and that the said party purchasing went and drank of the whisky, they would find the defendant guilty." *Held*, that this instruction was not a comment on the weight of evidence, but was correct.

3. The court below refused to instruct the jury, that "although they should believe, from the evidence, that the purchaser of the whisky drank it in the defendant's store, as charged in the indictment, yet, if they believed that he drank it without the knowledge or consent of the defendant, they will find him not guilty." *Held*, that this instruction was properly refused, because it involves a contradiction and absurdity; for the indictment alleged that the whisky was drunk with the defendant's permission, and if the jury believed it to have been drunk "as charged in the indictment," they must believe it to have been drunk with his permission, and could not, consequently, believe it to have been drunk without his knowledge or consent.

APPEAL from Dallas.   Tried below before the Hon. Hardin Hart.

The opinion sufficiently discloses the case.

*John May*, for the appellant.

*William Alexander, Attorney General*, for the State.

WALKER, J.—The first question presented for our consideration in this case has been disposed of at the present term, in the case of The State v. John Smith, wherein we hold that Article 2076, Paschal's Digest, is not repealed.

The argument for the appellant insists that the following clause in the charge to the jury is erroneous: "If the jury believed, from the evidence, that the defendant sold the whisky, as charged in the indictment, and suffered it to be deposited in his house, where the party purchasing knew where it was, and that the said party purchasing went and drank of the whisky, you will find him guilty."

This is no comment on the weight of evidence ; it is a mere instruction as to what facts the jury must find before they can deduce the guilt of the defendant. There was no error in this charge. The charge asked by the defendant, and refused by the court, was so absurd that the court acted properly in refusing it. It proposes an instruction to the jury that, though they should believe from the evidence that Fisher drank the whisky in defendant's store, as charged in the indictment, yet if they believe that he drank it without the knowledge or consent of the defendant, they will find him not guilty.

Now all this is simply absurd ; for, if the jury believed that the whisky was drunk as charged in the indictment, they must believe that it was drunk with the knowledge and consent of the defendant, for the indictment so charges, and they could not, as reasonable men, at the same time and from the same evidence believe that the whisky was drunk without the knowledge and consent of the defendant.

The judgment of the district court is affirmed.

AFFIRMED.