## THE STATE v. W. F. PERRY.

SELLING INTOXICATING LIQUORS.—Article 2076, Paschal's Dig., making it a penal offense to sell intoxicating liquors in quantities of a quart or more and permitting the same to be drunk where sold, is still in force, not being repealed by the subsequent statutes (Paschal's Dig., 7708 and 7764) imposing a tax on selling liquors, and giving to the receipt of the sheriff and county treasurer the effect of a license.

APPEAL from Gregg. Tried below before the Hon. Z. Norton.

At the May Term, 1874, of the District Court of Gregg county the grand jury presented an indictment against W. F. Perry, charging that on April 15th, 1874, in said county said Perry "did then and there unlawfully sell and was concerned in selling a quantity of intoxicating liquors, to wit, one quart of whisky to one E. R. Davis without first having obtained a license therefor, and did then and there permit the same to be drunk" where sold.

Exceptions were sustained and the district attorney appealed.

*A. J. Peeler, Assistant Attorney General,* for the State.

*T. J. McCord,* for appellee, cited Manning *v.* The State, 36 Tex., 671; Wood *v.* Stirman, 37 Tex., 588.

GOULD, ASSOCIATE JUSTICE.—The question presented in this case is, whether article 2076, Paschal's Digest, making it a penal offense to sell intoxicating liquors in quantities of a quart or more, and permit the same to be drunk at the establishment where sold, is still in force.

In Smith *v.* The State, 35 Tex., 132, it was decided that this article was "unrepealed and in full force." In Manning *v.* The State, 36 Tex., 671, the court refer to the case of Smith *v.* The State, and again announce that this article is not repealed. These cases are conclusive of the question, unless the subsequent statutes which impose a tax on persons pursuing the occupation of selling liquors in less quantities than a quart, and a smaller tax on those selling liquors in quantities of a quart or more, and giving to the receipt of the sheriff and county treasurer the effect of a license, have operated a repeal. (See Paschal's Dig., arts. 7708 and 7764.) It appears, however, that similar taxes discriminating in the same way between these two occupations were imposed by the statute in force when the decisions above referred to were made; and so far as it affects this article of the penal code the variation in the form of the license is not believed to be material. (Paschal's Dig., art. 7649.) As an original question we would be unable to assent to the proposition that the reason of the law has ceased, or to arrive at the conclusion that it is no longer in force. Doubtless one object of the law was to compel those desiring to keep retail liquor shops or drinking houses to pay the larger tax which is imposed on such establishments. The distinction made between those selling in quantities less than a quart and

those selling in quantities of a quart or more is believed to be based on the essential difference that the former keep drinking houses and the latter are not supposed to do so.

Because the indictment in this case was improperly set aside, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.