## J. J. SMITH v. THE STATE.

1. RETAILING. — Art. 423e of the former Penal Code, which prohibited the sale of liquor in quantities less than a quart and permitting it drunk upon the premises where sold, prescribed no penalty itself, but referred for the penalty to a preceding article, which was repealed in 1866, and the repealing act itself was subsequently repealed, and new legislation and penalties were adopted. *Held*, that said art. 423e, though not repealed, became inoperative for want of a penalty, and a conviction for its violation in 1877 is set aside and the case dismissed. Note that the Revised Penal Code effectually provides for the offence.

2. PENALTY for an offence must be prescribed by the written law of this State, or none can be inflicted.

APPEAL from the County Court of Kaufman. Tried below before the Hon. H. P. TEAGUE.

*J. S. Woods*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. It was held in *The State* v. *Perry*, 44 Texas, 100, and also in *The State* v. *Smith*, 35 Texas, 132, and in *May* v. *The State*, 35 Texas, 650, that art. 423e of the original Penal Code (Pasc. Dig., art. 2076) was not repealed by the subsequent act of October 27, 1866 (Laws 1866, chap. 70), nor by subsequent legislation, but remained in force, and that prosecutions could be sustained for a violation of its provisions. This article forbade the sale of liquor in quantities of a quart or more and permitting it to be drunk upon the premises where sold, and is the offence for which the appellant in this case has been indicted and convicted.

The case of Perry, above cited, was an appeal by the State, before the adoption of our present Constitution, from the judgment of the lower court setting aside an indictment; and it is presumed the attention of the court was not directed to the penalty, and how it should be ascertained, as that question seems not to have been raised. The article

provides that those offending against its provisions should be punished as prescribed in the preceding article. The preceding article (423*d*) provided that any person, etc., who should sell liquor in quantities less than one quart, without having first obtained license therefor, should be punished by fine not less than $50 nor more than $250. Pasc. Dig., art. 2075. This last-named article was repealed by the above act of October 27, 1866, and this latter act was in turn repealed by the act of December 1, 1871. Laws 1871, 2d Sess., p. 52; *Countz* v. *The State*, 41 Texas, 50. It may be added that the act of December 1, 1871, was in turn repealed by the general tax-law of 1873 (Laws 1873, chap. 121), and by the act of March 13, 1875, which provided a penalty for pursuing any taxable occupation without paying the tax. Laws 1875, chap. 80.

Where, then, shall we look to ascertain and fix the penalty for a violation of art. 423*e* of the Penal Code? The article to which it originally referred for a penalty is repealed, and the repealing act is in turn repealed, and with each successive step in legislation new and different penalties are prescribed, until the passage of the act of 1873, when to pursue the occupation of a retailer without first obtaining a license ceases to be indictable altogether until 1875, when a general statute is passed applicable to all occupation-taxes, and prescribing a penalty not less than the amount of the tax nor more than double that sum.

The Code provides that no person shall be punished for any act or omission as a penal offence unless the same is expressly defined and the penalty affixed by the written law of this State. Penal Code, art. 3. The repeal of a law operates as an obliteration of the statute from the body of our laws, except as to rights vested. The repealed law cannot be appealed to as a part of the written law of the State, for after its repeal it does not constitute any part of that written law. Nor can we, under the statutory rule above cited, appeal to the common law or rules of con-

struction to aid us. If the penalty is not affixed by the written law of this State, no punishment can be inflicted.

We are of opinion, therefore, that notwithstanding the statute upon which this prosecution is based was not repealed prior to the conviction of appellant, yet it is so defective, for the reason above stated, as to have no operation, and cannot support a conviction. Penal Code, arts. 6, 7.

We may add that this defect is entirely cured by the adoption of the Revised Penal Code, and the punishment for selling liquor in quantities of a quart or more and permitting the same to be drunk on the premises is now specifically prescribed by law. Rev. Penal Code, art. 377.

Because there was no law in force affixing a penalty to the offence charged against appellant, at the time the act was done, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*