Lon Bacon v. The State.

No. 914.   Decided February 8, 1911.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence amply sustained the conviction the same will not be disturbed.

**2.—Same—Continuance—Second Application.**

Where, upon appeal from a conviction of theft, the bill of exceptions as

accepted by the defendant stated that it was the second application, and contained only the requisites of the first application, there was no error in overruling same.

### 3.—Same—Charge of Court—Recent Possession—Explanation.

Where, upon trial of theft, the defendant's explanation of his possession of the recently stolen property was directly in issue by the testimony offered by the defendant himself, there was no error in the court submitting this issue.

### 4.—Same—Charge of Court—Weight of Evidence.

Where, upon trial of theft, the court's charge upon recently stolen property and defendant's explanation of his possession thereof did not assume that the property was stolen but submitted that question to the jury, clearly and aptly, it was not on the weight of the evidence.

### 5.—Same—Charge of Court—Claim of Ownership.

Where, upon trial of theft, the appellant claimed that he did not assert a distinct claim of ownership to the alleged stolen property but on the contrary asserted said ownership to be in the injured party, and the court properly submitted all these matters to the jury, there was no error.

### 6.—Same—Description of Money—Variance.

Where the indictment charged the defendant with the theft of lawful current money of the United States of America and the evidence supported this allegation, there was no variance.

### 7.—Same—Charge of Court—Fraudulent Intent.

Where, upon trial of theft, the court properly submitted the question of fraudulent intent on the part of the defendant to appropriate the alleged stolen property, etc., there was no error.

### 8.—Same—Misconduct of Jury—Force—Coercion—Undue Influence—Affidavit of Juror.

Where, after a conviction of theft, the defendant in his motion for new trial attached the affidavit of one of the jurors thereto, in which it was claimed that the juror upon hearing the presiding judge was going home and would not return until a day or two thereafter, unless the jury agreed upon a verdict, and that therefore the juror agreed to a verdict of guilty, etc. Held, that the lower court should not have permitted this affidavit impeaching the juror's verdict to have been filed, and there was no error in overruling the motion.

Appeal from the District Court of Leon. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for the theft of $295 in money from H. Spruce. The jury found him guilty of theft of over the value of $50, and assessed his punishment at two years confinement in the penitentiary. The evidence in the case amply sustains the conviction.

1. The first ground of exception by appellant is the action of the

lower court in overruling his motion for a continuance. The application states that it was the first application. The judge in approving the bill states that it was the second application, and contains only the requisites of the first. The appellant having accepted this bill of exception as allowed, is bound thereby, and we hold that it is the second application. It contains neither of the requisites of a second application. Code Crim. Proc., art. 598. Besides this, the testimony of the absent witness seems to be cumulative only. There was no error in the action of the court overruling this application for continuance.

2. The second complaint is of the fourth paragraph of the charge of the court, claiming that the same was a misdirection to the jury in that the court charged on the law of explanation of the possession of recently stolen property, and that it was upon the weight of the testimony in assuming that the property delivered by defendant to the injured party was stolen, and because the question of the recent possession of stolen property and the defendant's explanation of such possession was not raised by the evidence. The question of the defendant's explanation of his possession of the recently stolen property was directly in issue by the testimony offered by the defendant himself. When his explanation was offered in evidence the State objected because it was a self-serving declaration. The court overruled this, stating that he would permit him to prove explanation of his possession. Such declarations were proven by his own witnesses, Penn Hammett, Sam Stockner and his wife.

The other ground of complaint against the charge on this subject is without merit. The charge, in substance, on that question was this: "If you believe from the evidence that the property described in the indictment had been stolen from H. Spruce and that recently thereafter the defendant was found in the possession thereof, and when his possession was first questioned he made an explanation of how he came by it, and you believe that such explanation is reasonable and probably true and accounts for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true, and you will acquit the defendant. If on the other hand you believe such explanation was unreasonable and did not account for defendant's possession in a manner consistent with his innocence, or if such explanation was reasonable and probably true and did account for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of the defendant, together with his explanation, in connection with all the other facts and circumstances, if any in evidence, and if you believe the defendant guilty beyond a reasonable doubt, you will so find, otherwise you will acquit the defendant."

This charge, taken as a whole, was not on the weight of the testimony, and did not assume that the property was stolen, but sub-

mitted that question to the jury clearly and aptly. The issue in the case, as stated by appellant in his motion for a new trial, in substance, was whether or not defendant took the property from the possession of H. Spruce (if he took it) with intent to appropriate it to his use and benefit and to deprive the owner of the value thereof, or (if he took it) whether he did so with the intent to return it to the owner. The main charge of the court on this subject, to which there is no complaint, clearly submits this question to the jury with the appropriate definitions of theft and the intent with which the property was taken, if it was, by the defendant.

3. The next ground assigned is that the court erred in failing to charge the jury on the law of recent possession of alleged stolen property unexplained, claiming that the evidence shows that the appellant was in possession of said alleged recently stolen property, and that he did not assert a distinct claim of ownership thereto, but on the contrary asserted said ownership to be in the injured party. There was no error in the court's charge on this subject, because all of these matters were clearly and distinctly submitted to the jury. The appellant himself offered proof on this question, and his whole defense appeared to be on that alone. It was all aptly and appropriately submitted to the jury by the court, and found against the appellant.

4. The next ground is that the verdict of the jury is not supported by the evidence in that the indictment charges the defendant with the theft of $295 in money then and there lawful current money of the United States of America, and the evidence fails to show that any of the property alleged to have been taken from the possession of Spruce was lawful current money of the United States except $1.25. The record shows that all of the testimony, both by the State and defendant, spoke of the property as money. The testimony of all the witnesses so described it. Besides, the witness Spruce himself stated "that (money) was lawful current money of the United States of America—I suppose it was." The witness Barnes testified that the money was in greenbacks. The evidence was amply sufficient on this ground.

5. The next ground attacks the verdict of the jury as contrary to the law and the evidence in that the evidence shows that defendant was drunk before he took said property, if he took it from the possession of the injured party, and was still drunk when he exhibited it and declared it to be the property of Spruce, the alleged injured party, and that he intended to return it, and that he did not take it from the possession of Spruce, if he took it, with the intent to appropriate it to his own use and benefit, and with the intent to deprive Spruce of the value thereof. All these questions were aptly, as stated above, submitted to the jury by the charge of the court, and the verdict was against the appellant on the issue.

Vol. LXI Crim.—14.

6. The last assignment is that the verdict of the jury was obtained by force, coercion, undue and unlawful influence on the part of the court and the officer who had charge of the jury during the time they were considering of their verdict, specifying wherein this consisted, as shown by the affidavit, attached to the motion, of one of the jurors, which was to this effect: That the case was submitted to the jury about six o'clock p. m. on August 25, 1910. The jury then retired and upon the first ballot stood ten for conviction and two for acquittal; that thereafter the jury stood eleven for conviction and one for acquittal, the affiant being alone for acquittal; that during their deliberations from August 25 to the afternoon of the 27th the jury was informed by the officer who had them in charge that the presiding judge had informed him that he, the presiding judge, was going home on Saturday afternoon, August 27, and would not return until Tuesday, August 30, and would leave instructions that the jury should not be discharged until he returned unless they arrived at a verdict; that about two o'clock p. m. on Saturday, August 27, he saw a horse and buggy hitched to the courthouse fence, and was informed that it belonged to the presiding judge; that he was going home to Madisonville and would not return until Tuesday. Thereupon he told the other jurors that they could go ahead and do as they pleased, but he would not sign the verdict as foreman; that he had doubts as to defendant's guilt, and would have nothing more to do with it. That he left home on the morning of the 22d of August; that his business at home needed his attention, and when he was informed and realized that he would be held as a juror and could not go home until the following Tuesday unless he agreed to a verdict in said cause, he consented for the other jurors to do as they pleased without any interference on his part.

Article 817 of the Code of Criminal Procedure provides that new trials in felony cases shall be granted for the following causes, and for no other. Subdivision 8: "Where from the misconduct of the jury the court is of opinion that the defendant has not received a fair and impartial trial, and it shall be competent to prove such misconduct by the voluntary affidavit of a juror." The rule is well established that no affidavit, deposition or other sworn statement of a juror will be received to impeach a verdict, or to explain it, or to show on what grounds it was rendered. Weatherford v. State, 31 Texas Crim. Rep., 530. In Pilot v. State, 38 Texas Crim. Rep., 515, the court held it was not error to refuse to set aside a verdict upon the affidavit of a juror; that he had been coerced through fear to assent to it. Nor will a verdict be set aside on account of the affidavit of a juror that he was induced to sign the verdict by a promise that the jury would recommend the defendant to executive clemency. Henry v. State, 43 S. W. Rep., 340; Montgomery v. State, 13 Texas Crim. App., 74. In the case of Johnson v. State, 27 Texas, 758, the Supreme Court said: "No case has yet occurred in this State wherein

courts have tolerated such affidavits to impeach verdicts. If ever admissible, they can only be allowed in an extreme case and under imperative necessity for the accomplishment of justice. The rule rests upon the obvious ground that were it otherwise few verdicts would escape attack from jurors under influences that would be brought to bear upon them after their discharge by the court." This was emphasized and reiterated by this court in the case of McCane v. State, 33 Texas Crim. Rep., 476, but the court in that case held that that case, where eight of the twelve jurors made an affidavit attacking their own verdict, and by praying the court for a new trial, presented an extreme case, and they considered that affidavit and reversed that case. In our opinion the lower court should not have permitted this affidavit to have been filed. It does not show an extreme case that would justify the court to permit it being filed or considered, and we are of opinion that even though filed and considered, it does not show such coercion as would justify the lower court, and especially this court, in granting a new trial because thereof.

There being no error shown by this record, the judgment is affirmed.

*Affirmed.*