ERNEST BESSETT v. THE STATE.

No. 3821. Decided November 17, 1915.

**1.—Theft from Person—Suspended Sentence—Practice in District Court.**

Where, upon trial of theft from the person, the defendant did not file a written plea seeking a suspended sentence, and the court did not charge thereon, but the jury, after discussing the case awhile, appeared in open court and asked whether they could recommend a suspension of sentence, to which the court answered in writing that they could not, whereupon they retired, and thereupon returned a verdict finding defendant guilty for a term of two years, and recommended a suspended sentence, and the court, after discharging the jury, disregarded said recommendation, and entered up a judgment and sentence for two years' imprisonment in the penitentiary, there was no reversible error. Davidson, Judge, dissenting.

**2.—Same—Rule Stated—Suspended Sentence—Surplusage—Verdict.**

The trial judge has no power to suspend a sentence without the proper plea being filed prior to the beginning of the trial, and where the jury recommended a suspension of sentence without such plea, it was the duty of the court to ignore the same as mere surplusage. Following Barnett v. State, 74 Texas Crim. Rep., 143, and other cases. Davidson, Judge, dissenting.

**3.—Same—Jury and Jury Law—Impeaching Verdict.**

A juror or jury should not be permitted to impeach their verdict by saying that if they had not presumed that the court would suspend the sentence, although they had been instructed that he would not, they should not have found the defendant guilty. Following Johnson v. State, 27 Texas, 758. and other cases.

**4.—Same—Statutes Construed—Verdict—Surplusage.**

Article 773, Code of Criminal Procedure, permitting an informal verdict to be corrected by the court, with the consent of the jury, has no application to

the instant case, where the verdict fixed the punishment, and the recommenda-
tion of suspended sentence was mere surplusage. Davidson, Judge, dissenting.

Appeal from the District Court of Wichita. Tried below before the
Hon. E. W. Nicholson.

Appeal from a conviction of theft from the person; penalty, two
years confinement in the penitentiary.

The opinion states the case.

*Bernard Martin,* for appellant.—On question of suspended sentence
and charge of the court and verdict: Mills v. State, 168 S. W. Rep., 88;
Barker v. State, 158 S. W. Rep., 998.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a con-
viction of theft from the person, with the lowest penalty assessed.

There is no statement of facts. The question to be passed upon is
raised by a bill of exceptions. It shows substantially that appellant filed
no plea seeking a suspended sentence; that, after all the evidence,
charge of the court and the argument of the attorneys for both sides,
the jury retired to consider their verdict. They all knew that the
court did not submit any charge authorizing them to find anything on
the subject of suspending the sentence. That, when they first went
out, six were for conviction and six for acquittal; and perhaps later
five were for conviction and seven for acquittal. When the jury had
thus been hung up for some hours, the question of a suspended sen-
tence was brought up by some of them; and, it seems, after discussing
this for a while, they, differing as to whether they could do so, agreed,
and in a body went before the court in open session and propounded
this written query to the judge: "If we convict the defendant and
assess his punishment at confinement in the penitentiary for two years,
can we recommend a suspension of the sentence?" which was properly
signed by the foreman. The court answered in writing on the same
piece of paper the word "No." They then again retired to further con-
sider their verdict. Some of them then argued that they had to decide
the question themselves and recommend the sentence, and that, when
they returned into open court their verdict finding appellant guilty,
fixing his punishment and recommending suspension of his sentence,
the judge would, if he received the verdict, suspend the sentence, and,
if not, send them back for further consideration. They, thereupon,
returned into open court the following verdict: "We, the jury, find
the defendant guilty as charged by indictment and assess his punish-
ment at confinement in the penitentiary for a term of two years, and
we recommend a suspended sentence." This was properly signed by
the foreman as such. The court received the verdict and discharged
the jury; then entered up a judgment and sentence assessing his pun-
ishment at confinement in the penitentiary for a term of two years and

disregarded the recommendation of the jury to suspend the sentence. Afterwards, the appellant made a motion for a new trial, attaching the affidavit thereto of three of the jurors, in effect stating that they did not in fact believe the appellant guilty beyond a reasonable doubt but had some doubts of it and because thereof were unwilling to convict him unless his sentence should be suspended, but that they all voted for guilty, so brought in the verdict and understood it at the time, but would not have done so had they not believed that the court would suspend the sentence. When the motion for a new trial was heard, the court permitted four of these jurors to testify, who undertook by their testimony to thus impeach their verdict. They all testified to the fact of the jury propounding the said question to the judge, and his answer thereto. One of them swore that he knew the court would not suspend the sentence; that, when the judge had answered their query "No," he knew that settled it. He said it was afterwards argued in the jury that it would not hurt to put the recommendation down there. It would not change the verdict at all, because the jury had decided it. anyway, and that would not affect the verdict at all; that was agreed on. The court, after hearing all the evidence by the four jurors attempting to impeach their verdict, denied a new trial, and, in his qualification of the bill, states about the jury coming in a body and propounding the said question to him, and his answer thereto, and further said: "In view of what took place, it is inconceivable how any juror could have been misled by alleged misrepresentations of other jurors."

The action of the court was correct in every particular. This court in several decisions, has held that the judge had no power to suspend the sentence without the proper plea being filed prior to beginning the trial, and it was in effect his duty to ignore the recommendation for a suspended sentence unless such plea had been filed before the trial began. Barnett v. State, 74 Texas Crim. Rep., 619, 170 S. W. Rep., 143; Speer v. State, 171 S. W. Rep., 201; Roberts v. State, 71 Texas Crim. Rep., 77.

The latter part of the verdict recommending the suspension of sentence was mere surplusage. Perry v. State, 44 Texas, 100; Roberts v. State, 33 Texas Crim. Rep., 83. The court in the judgment and sentence correctly in effect so held and acted.

It has always been held, both by our Supreme Court when it had criminal jurisdiction and this court, that the jury, and none of the jurors, could impeach their verdict as was attempted to be done by their testimony in this case. In Johnson v. State, 27 Texas, 758, our Supreme Court said:

"No case has yet occurred in this State wherein the courts have tolerated such affidavits to impeach verdicts. If ever admissible, they can only be allowed in an extreme case and under imperative necessity for the accomplishment of justice. The rule rests upon the obvious ground that, were it otherwise, few verdicts would escape attack by jurors under influence that would be brought to bear upon them after their discharge by the court."

"The rule is well established that no affidavit, deposition or other sworn statement of a juror will be received to impeach a verdict, or to explain it, or to show on what ground it was rendered. Weatherford v. State, 31 Texas Crim. Rep., 530. In Pilot v. State, 38 Texas Crim. Rep., 515, this court held it was not error to refuse to set aside a verdict upon the affidavit of a juror that he had been impressed through fear to assent to it, nor will a verdict be set aside on account of the affidavit of a juror that he was induced to sign a verdict by a promise that the jury would recommend executive clemency. Henry v. State, 43 S. W. Rep., 340; Montgomery v. State, 13 Texas Crim. App., 74." Bacon v. State, 61 Texas Crim. Rep., 206; Patterson v. State, 63 Texas Crim. Rep., 297; Rogers v. State, 71 Texas Crim. Rep., 149.

The statute, article 773, Code of Criminal Procedure, permitting an informal verdict to be corrected by the court with the consent of the jury has no application to this case. The court was not required to strike out, with or without the consent of the jury, their recommendation of a suspended sentence, nor was he required to have the jury retired to do so, or further consider their verdict. The verdict, in as plain language as could be, found the defendant guilty of the offense charged and fixed his punishment therefor. The court could properly, as he did, receive the verdict even with the recommendation, but he had neither power, nor authority, to render other than a straight judgment and sentence of conviction and not suspend the sentence.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge (dissenting).—Appellant was convicted of theft from the person. The jury returned a verdict of guilty, assessing his punishment at two years in the penitentiary and recommending a suspended sentence.

The judgment of the court shows this verdict as returned by the jury. In rendering the judgment the court, however, disregarded the recommendation by the jury for suspended sentence and entered a judgment against him for two years in the penitentiary. This seems to have been predicated upon the idea on the part of the court that appellant had not filed a plea for a suspended sentence. A bill of exceptions recites that the verdict was returned as indicated, and the court accepted the verdict and discharged the jury. This occurred on the 8th of July. On the 10th appellant filed a motion to set aside the verdict and judgment and to grant a new trial, and on the 15th of July his amended motion was filed asking that the verdict and judgment be set aside. This motion for a new trial sets out at length a great many things, among them affidavits signed by a number of the jurors, and in addition the jurors were summoned by the court on motion for new trial and their evidence is made also a part of the motion for new trial and bill of exceptions. The bill of exceptions is approved, but qualified by the judge to this effect, "That after the jury had been out for

several hours they came in and presented to the court the following written question: 'If we convict the defendant and assess his punishment at confinement in the penitentiary for two years, can we recommend a suspension of his sentence?' (signed) T. S. Freeman, foreman, to which the court answered officially in writing on the same piece of paper the word 'No.' In view of what took place as above set out it is inconceivable how any juror could have been misled by alleged representations of other jurors."

The jurors believed they had the right to allot a suspension of his sentence as the law left that matter exclusively to their decision. If it be held that the defendant could not get the benefit of the suspended sentence without his sworn application, then the jury returned a verdict which they were not authorized to do, and the court did not have any authority to receive it. An illegal verdict is a paradox. If illegal, it is not to be received or enforced. If he did not like the verdict and thought it was illegal, he should have sent the jury back and required them to find a proper verdict. Rev. C. C. P., 1911, art. 773. He informed them of the fact that they could not find in favor of the suspended sentence, and yet they did so over his written instruction. If the verdict is illegal, then no judgment could be rendered thereon. Such action was serious misconduct on part of the jury, for which they were not even reprimanded by the court. The defendant is made to suffer it. If the verdict is illegal, the court can not legalize it by receiving it. So from any viewpoint a judgment could not be entered upon that verdict. If we go to the affidavits and the testimony, and the bill of exceptions, it is not debatable that the jury did not intend to convict under any circumstances unless they could award the suspended sentence. This bill of exceptions also shows that they stood seven for acquittal and five for conviction, and after discussing the matter among themselves, in the face of the charge of the court, they thought they had the right to give him the suspended sentence, and if they had not, in no event would they agree to punish. They agreed and compromised on that verdict with the suspended sentence, otherwise it is self-evident from the bill of exceptions that but for such agreement no verdict would have been rendered in the case convicting appellant. This is such a verdict even from that viewpoint as ought not to be received by the court or permitted to stand as basis for the entered judgment. Article 774 of the Revised Code of Criminal Procedure, 1911, provides, if the jury refuse to have the verdict altered they shall again retire to their room to deliberate, unless it manifestly appears that the verdict is intended as an acquittal, and in that case the judgment shall be rendered accordingly discharging the defendant. The jury did not refuse to change their verdict, for they were not required so to do by the court, nor did the court call their attention to it. Article 773 provides that, if the jury find a verdict which is informal, their attention shall be called to it and with their consent the verdict may, under direction of the court, be reduced to proper form. There was no attempt by the court to have the verdict reformed or changed

as required by this statute. The verdict was brought in, received by the court, the jury discharged and judgment entered upon it as brought in, except the judgment omitted the suspended sentence recommendation. Upon this the court entered judgment and sentence against the defendant in the face of the verdict brought in by the jury. It is true the jury disregarded the court's instruction, but it is equally true that they determined not to convict him so he could be punished, and they further determined that they purposed to suspend his sentence and see that he was not punished in the penitentiary, and this in the face of the emphatic charge of the court. The judge can not render a verdict, or any portion of it, nor enter a judgment upon a verdict except as the jury returns it. He must either take the verdict as it is, or send the jury back to agree in accordance with the law. From any viewpoint this judgment ought not to stand as I understand the law. This was not an attack on their verdict by the jury as my brethren seem to think. It was a direct refusal to obey the court's instruction. It comes within the rule, and strictly so, of misconduct, expressly and wilfully done, as manifested by the court's qualification. Whether their affidavits were or not filed with the new trial motion, and despite the facts set out in the bill of exceptions, this misconduct is fully verified by the judge, if they had no legal right to recommend suspended sentence. It is wholly unnecessary to go to these affidavits and testimony adduced thereunder to prove such misconduct. The verdict was rendered against positive and unqualified instructions of the judge not to return such verdict, yet the judge received it in the face of all this and discharged the jury even without a reprimand, and substituted a verdict as basis for a judgment the jury did not return. He knew of this misconduct when he received the verdict, because plainly and positively specified by the jury in defiance of his written charge. What is a verdict of a jury anyway? This is answered by the statute, article 763, C. C. P., 1911, as follows: "A verdict is a declaration by a jury of their decision of the issues submitted to them in the case, and it must be in writing and concurred in by each member of the jury." It must be a jury of twelve members—no more and no less. C. C. P., 1911, art. 764, Const., art. 5, sec. 13. The judge is not a juror and can not render a verdict, or any part of it, in a felony case, nor can he substitute his judgment for the verdict of a jury. He has power to cause a correct and proper verdict to be returned, and, if such verdict is not rendered, he can retire the jury till they agree on such a verdict. He can not substitute his judgment, however, for an incorrect or illegal verdict.

My brethren hold, under the authority of Barnett v. State, 170 S. W. Rep., 143, and Spear v. State, 71 S. W. Rep., 201, this judgment ought to be affirmed, and they do affirm it. It will be noticed those two cases, however, do not discuss the two statutes I have mentioned. They were not even noticed in those opinions. The fact that those decisions were by a unanimous court does not cure the failure to notice articles 773 and 774 of Code of Criminal Procedure, supra. I do not evade

my responsibility for the two cases cited by majority, but for that reason I am not willing to be further responsible for the error committed in those cases. The court ought to be correct in deciding the law, rather than consistent in error. The judgment ought not to be sustained, but it ought to be reversed. I respectfully dissent.