## Charlie Oliver v. The State.

No. 8338.   Decided April 2, 1924.

Rehearing denied May 7, 1924.

**1.—Selling Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of selling intoxicating liquor, the evidence was sufficient to support the conviction, there is no reversible error.

**2.—Same—Bills of Exception—Question and Answer Form.**

Bills of exception in question and answer form will not be considered on appeal, and others qualified by the stenographic report relative to the matter complained of, show no error.

**3.—Same—Bills of Exception—Rule Stated.**

In the absence of bills of exception of any recitation of the surrounding facts or anything in the record by which the error might be shown, the same cannot be considered.

**4.—Same—Judgment—Sentence—Reforming Sentence.**

Where the judgment and sentence of the court is inadvertently applied, the same will be reformed in this court, and there is no reversible error.

**5.—Same—Rehearing—Sufficiency of the Evidence.**

Where appellant contended in his motion for rehearing that the evidence did not show a violation of the law, but the record abundantly showed otherwise, there is no reversible error.

**6.—Same—Bills of Exception.**

Bills of exception to the exclusion of evidence must set forth the evidence offered and the objections made thereto, and such facts as may be necessary to disclose its relevancy, materiality, and competency, or the question sought to be presented by it will not be considered. Following: Quintana v. State, 29 Texas Crim. App., 402.

**7.—Same—Bills of Exception—Rule Stated.**

A bill of exceptions must be so certain and full in its statement that the errors complained of are made to appear by the allegation of the bill itself.

Appeal from the District Court of Jefferson. Tried below before the Hon. George C. O'Brien.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Roger L. Burgess* and *F. C. Vaughn,* and *Dickens & Dickens,* for appellant.—On question of uncertainty of verdict: Carr v. State, 230 S. W. Rep., 405; Bennett v. State, 194 id., 151; Rios v. State, 183 id., 151.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are a number of counts in the indictment but the court submitted only the one charging a sale of intoxicating liquor. The State's testimony was direct and positive in support of the averment in this count. Bills of exception Nos. 1 and 4 are in question and answer form and under the mandate of Art. 846 C. C. P. and the uniform holdings of this court, will not be considered. Bills Nos. 5 and 6 are qualified by the learned trial judge by appending the stenographic report of the testimony relative to the matters complained of, and under the qualifications present no error.

Bills of exception Nos. 2, 3, and 7 set out a question that was asked of a witness named, and his answer and that same was objected to but each of said bills is entirely devoid of any recitation of the surrounding facts or anything in the record by which the error of the evidence might be known to this court. The authorities are entirely harmonious in holding that unless the error attempted to be presented in a bill of exceptions is made apparent from the recitals of the bills, the same will be held insufficient.

The court submitted in his charge only the offense of selling intoxicating liquor, which is also the offense described in one of the counts in the indictment. The verdict of the jury was responsive to the charge of the court. However, we observe that the judgment which is followed by the sentence adjudges the accused guilty of the offense of possessing for purposes of sale intoxicating liquor. The judgment of the trial court and also the sentence will be by us now reformed so as that same will adjudge appellant to be guilty of the offense of selling intoxicating liquor, and that the sentence will also be reformed so as to follow this judgment.

The evidence supporting the judgment, and there being no error apparent in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

May 7, 1924.

LATTIMORE, JUDGE.—Appellant insists that the evidence does not show a violation of the law. The chief State witness testified that he

went to appellant's soft drink stand and got some beer, after which a conversation came up as to the getting of some stuff such as "we used to get." From the testimony of said witness we quote: "Mr. Oliver told me that he had some good whisky if I wouldn't mind trying that. . . . He told me to go behind a sort of partition out from the bar, and I went behind there. We had two or three drinks. . . . Charlie Oliver was in charge of that place—the defendant. Charlie Oliver made me the sales of the drinks I spoke of; I paid fifty cent a drink for them. . . . It was whisky." This seems to answer the contention of appellant in this regard.

Serious complaint is made of our holding in regard to bills of exception Nos. 2, 3 and 7, and it is insisted that we should have gone to the statement of facts in order to ascertain the materiality, connection and surrounding facts attendant upon the isolated question and answer set out in each bill of exceptions. In Vernon's Annotated C. C. P., subdivision 29 of notes under Article 744, appear collated authorities too numerous to mention supporting the proposition that a bill of exceptions to the exclusion of evidence must set forth the evidence offered and the objection made thereto, and such facts as may be necessary to disclose its relevancy, materiality and competency, or the question sought to be presented by it will not be considered. The judges rendering the decisions referred to are the ablest who have ever graced this bench: In Quintana v. State, 29 Texas Crim. App., 402, Judge Davidson declined to consider "bills of exception when too indefinite to point out distinctly the matter complained of . . . to enable this court to ascertain what error was committed without having to examine other portions of the record . . . The bill must be so certain and full in its statements that the errors complained of are made to appear by the allegations of the bill itself." Examination of any of the numerous authorities make it appear that the rule has been established in this State from the beginning and is no innovation.

The motion for rehearing will be overruled.

*Overruled.*