## SIMON CASTRO v. THE STATE.

No. 14671.   Delivered October 21, 1931.

See also 115 Texas Crim. Rep., 291, 29 S. W. (2d) 760.

The opinion states the case.

*L. D. Stroud* and *Ney Wade,* both of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for a period of five years.

In compliance with the statute, the appellant sought a suspended sentence.   The court instructed the jury upon that subject in a charge presented on the 18th day of May, 1931.   On the same day the jury returned the following verdict:

"We, the jury, find the defendant guilty, as charged in the indictment, and assess his punishment at five (5) years in the penitentiary.   We further find that the defendant has never been convicted of a felony in this State, or in any other State, and we recommend a suspension of the sentence.

"A. J. Kahler, Foreman."

There was entered on the minutes of the court the following order: "Sidney Smith et al. v. Margaret Whitehead et al.   No. 5538—

"On this the 23rd day of May, A. D. 1931, the court being in the midst of the trial of the above entitled and numbered cause, and also in the midst of the trial of Cause No. 1917, State of Texas v. Simon

Castro, and also in the midst of the trial of Cause No. 1973, State of Texas v. Asa H Speer, Jr., the jury in said last named cause not having reported or agreed upon a verdict, and the time for the expiration of the term of this court having arrived, and it being impossible to complete the trial of said cause before the expiration of this term of court, for the reason that the testimony has not been completed in Cause No. 5538, Sidney Smith, et al. v. Margaret Whitehead, et al., and cannot be fully completed for several days, and that further testimony will have to be heard in Cause No. 1917, State v. Simon Castro, some of which cannot be obtained for several days; and it being deemed expedient by the judge presiding, it is ordered that the term of this court be, and it is hereby, extended until the conclusion of such pending trials."

Pursuant to the above order the sentence of the appellant was delayed more than a month. On the 23rd day of June, the state, through the district attorney, presented a motion to the court reciting the trial and the rendition of the verdict above mentioned, and requesting the court to disregard that part of the verdict of the jury in which, the suspension of the defendant's sentence was recommended and to enter a judgment condemning him to confinement in the penitentiary for a period of not less than two nor more than five years. The motion recites the filing of the application for a suspended sentence under oath with the statutory averments; that the statement was believed by the prosecuting officer to be true, and the judge had no knowledge to the contrary at the time of receiving said verdict and discharging the jury that the appellant had previously been convicted of a felony. On the same day that the verdict was rendered and after it was received and the jury discharged, but before sentence was formally presented, state's counsel heard rumors to the effect that the accused had previously been convicted of a felony in Kleberg county, Texas. Attached to the motion was a certified copy of the judgment of the district court of Kleberg county showing the conviction of Simon Castro of a felony in February, 1931, in which the suspended sentence was awarded him.

Appellant demurred to the motion and also filed a motion to enter judgment upon the verdict as written by the jury and received by the court. The court overruled the defendant's demurrer and motion and sustained that of the state and entered a judgment condemning the appellant to confinement in the penitentiary for a period of not less than two nor more than five years, and disregarded in said judgment the recommendation of the jury that the sentence be suspended.

The legality of the court's action is now properly before this court for review. That the judgment entered cannot be upheld is manifest. State's counsel before this court does not contend that the judgment can be affirmed.

The writer is of the opinion that not only is the judgment void but

that it is the right of the accused to have judgment entered in accord with the verdict giving to him the benefit of the suspended sentence. The procedure adopted impresses the writer as obnoxious to the rule that a new trial in a criminal case cannot be granted upon the motion of the state but upon that of the accused alone, and that the court is without power to enter a judgment or to annul a verdict in favor of the accused in a criminal case at the instance of the state. See article 752, C. C. P., 1925.

Under article 696, C. C. P., an informal verdict may, with the consent of the jury, be corrected before it is received, but cannot be changed without the consent of the jury, nor after the jury is discharged. By article 847, C. C. P., this court is authorized to correct the judgment to conform to the verdict and to make in the judgment any correction which the law would authorize to be made in the court below. In McCorquodale's case, 54 Texas Crim. Rep., 344, 98 S. W., 879, it is said in substance that there can be made in the appellate court any correction of a judgment that could be made in the trial court. Many cases are cited in Vernon's Ann. Tex. C. C. P., 1925, vol. 3, pp. 252-253. See also Jones v. State, 80 Texas Crim. Rep., 283, 189 S. W., 490; Oliver v. State, 97 Texas Crim. Rep., 194, 261 S. W., 769; Malone v. State, 116 Texas Crim. Rep., 381, 32 S. W. (2d) 832; Barnes v. State, 116 Texas Crim. Rep., 222, 34 S. W. (2d) 605. See also article 698, C. C. P., 1925.

The exact question, so far as the writer is aware, has not heretofore been before this court. In the case of Bessett v. State, 78 Texas Crim. Rep., 110, 180 S. W., 249, 251, there was no plea asking for a suspended sentence filed and that issue was not submitted to the jury. The jury, however, found a verdict convicting the accused and recommending a suspended sentence. The court received the verdict and discharged the jury. In entering the judgment the court ignored the recommendation for a suspended sentence. This was upheld in a divided opinion, to which Presiding Judge Davidson dissented. From Judge Davidson's opinion the following is quoted: "What is a verdict of a jury anyway? This is answered by the statute, article 763, C. C. P., 1911, as follows: 'A verdict is a declaration by a jury of their decision of the issues submitted to them in the case, and it must be in writing and concurred in by each member of the jury.' It must be a jury of twelve members—no more and no less. C. C. P., 1911, art. 764; Const., art. 5, sec. 13. The judge is not a juror and cannot render a verdict, or any part of it, in a felony case, nor can he substitute his judgment for the verdict of a jury. He has power to cause a correct and proper verdict to be returned, and, if such verdict is not rendered, he can retire the jury till they agree on such a verdict. He cannot substitute his judgment, however, for an incorrect or illegal verdict."

This court, in Pritchard's case (Texas Crim. App.), 35 S. W. (2d) 717, expressly disapproved the majority opinion in the Bessett case, supra, and sanctioned as sound the dissenting opinion of Judge Davidson, part of whose remarks are quoted above.

In Champion's case, 113 Texas Crim. Rep., 172, 19 S. W. (2d) 63, 65, the issue of suspended sentence was not before the jury, notwithstanding which they rendered a verdict of conviction and recommended a suspended sentence. The trial court refused to receive the verdict, but with the consent of the jury, before it was discharged, eliminated the recommendation for a suspended sentence and the court was upheld. In the Champion case, supra, Judge Lattimore, speaking for the majority of the court, said: "The proposition that the court can not receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings. In Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W., 998, 1003, we said: 'The court could not accept the verdict of the jury and permit it to stand, and yet refuse to abide by it.' The same thing was held in Essery v. State, 72 Texas Crim. Rep., 414, 163 S. W., 17, and in Coleman v. State, 75 Texas Crim. Rep., 660, 170 S. W., 150. We know of no holding to the contrary."

As viewed by the writer, the action of the judge in the present instance does violence to the precedents and to the fundamental principle that the judge presiding over a trial has no right and no power to change a verdict by the jury unless with their consent and before their discharge. The right of the accused, under such circumstances, to have the judgment follow the verdict, if formal and agreeable to the issues submitted, is absolute. The impotency of the trial court or the judge presiding, at the instance of the state, to nullify a verdict, responsive to the evidence and issues, which accords the accused the suspended sentence is supported, it is thought, by the cases mentioned above and by the principles governing the decision of this court in the case of Snodgrass v. State, 67 Texas Crim. Rep., 615, 150 S. W., 162, 41 L. R. A. (N. S.), 114, in which the original suspended sentence law conferring upon the trial judge authority inconsistent with the finality of a verdict of the jury, was denounced. The power of the judge to annul a verdict under the circumstances disclosed by the present record is, in the opinion of the writer, in conflict with various decisions that have been rendered by this court upon the subject, save those which have been expressly overruled in the Champion case, supra. From that case, in addition to the quotation hereinabove mentioned, the following is taken from the concurring opinion of Justice Hawkins: "I believe the opinion of the majority of the court in Bessett v. State, 78 Texas Crim. Rep., 110, 180 S. W., 249, 251, is erroneous. I am in full accord with the dissenting opinion of Judge Davidson in that case to the effect that a trial judge may not *receive* a verdict which as a

part thereof recommends a suspended sentence and then enter a judgment which ignores such recommendation. It should be understood that Barnett v. State, 74 Texas Crim. Rep., 619, 170 S. W., 143; Whitley v. State, 103 Texas Crim. Rep., 413, 281 S. W., 544; Hemby v. State, 105 Texas Crim. Rep., 126, 286 S. W., 1099; Bessett v. State, (supra) and all other cases which hold or intimate to the contrary are expressly overruled. I am of opinion, however, that where a verdict is returned which recommends a suspended sentence in the absence of the submission of that issue to the jury that two courses are left open to the trial judge; he may retire the jury for them to correct their verdict; or he may with their consent make the correction *before* receiving it."

In the present instance, the verdict was formal and was responsive to the issues, and was received by the court. The jury was discharged. Thereafter, the court entertained the motion of the state, and upon evidence not introduced upon the trial, changed a verdict rendered in so far as it was in favor of the accused, and to give it effect in so far as it was favorable to the state. As viewed by the writer, it was the judge who made the verdict rather than the jury in whom the power was vested and upon whom the duty was imposed. In the opinion of the writer, it is the duty of this court to accord the accused the benefit of the verdict which was rendered by the jury and to set aside the judgment founded upon that rendered by the judge upon evidence heard after the verdict of the jury had been received and the jury discharged. The sentence is set aside and the judgment is reformed so as to embrace the verdict rendered by the jury and to condemn the accused to confinement in the penitentiary for a period of not less than two nor more than five years, with the proviso that the sentence be suspended in accord with the provisions of article 776, C. C. P., 1925. It is ordered that this corrected judgment be certified to the district court of Bee county with direction to enter judgment as corrected, and that the appellant be released upon his entering into recognizance as required by article 776, supra.

*Sentence set aside, and judgment reformed.*