## Solomon Rocha v. The State.

### No. 1108. Decided June 23, 1897.

#### 1. Burglary—Minor—Nonage—Discretion—Charge.

On a trial for burglary, where the court charged the jury: "If you believe the defendant is less than thirteen years of age, then you can not convict him unless he had sufficient discretion to understand the nature and illegality of the act constituting the offense of burglary." Held, correct, and in conformity with the Statute. Penal Code. art. 34.

#### 2. Same—Charge—House of Correction and Reformatory.

On a trial for burglary, where the court, in effect, instructed the jury, that if they found defendant guilty they would imprison him in the penitentiary, provided, that. if, by their verdict, they found that he was not more than sixteen years of age and the punishment they assessed was imprisonment for five years or less, then they might confine him in the house of correction or reformatory instead of in the penitentiary. Held, the charge was correct and was not obnoxious to the objection that it did not confine the jury to the age of defendant at the time of the trial—there being no issue as to defendant's age.

#### 3. Same—Amendment of Verdict.

Where a case involves the minority of a defendant, a verdict, failing to state the age of defendant, may be amended by the jury by supplying the omission and returning the amended verdict into court.

#### 4. Burglary—Evidence Sufficient.

See facts, stated in the opinion, which are held amply sufficient to support a conviction for burglary independently of the testimony of the accomplice.

Appeal from the District Court of Webb. Tried below before Hon. A. L. McLean.

Appeal from a conviction for burglary; penalty, five years imprisonment in the reformatory.

The opinion states the case.

*C. A. McLean,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of burglary, and his punishment assessed at five years in the State reformatory; hence this appeal.

He reserved a bill of exceptions to that portion of the charge of the court which reads as follows: "If you believe the defendant is less than 13 years of age, then you can not convict him, unless it has been shown by the evidence that he had discretion sufficient to understand the nature and illegality of the act constituting the offense of burglary." The particular objection to this charge is not pointed out, and we do not understand what objection could be urged to it. It submits the question of appellant's discretion in almost the very language of the statute. We also find in the bill of exceptions the following language: "Also after the words, 'You will find him guilty of the crime of burglary, and assess his punishment at imprisonment in the penitentiary for not less than

two nor more than twelve years; provided if you find by your verdict that he is not more than 16 years of age, and assess his punishment at confinement for five years or less, then you may confine him in the house of correction or reformatory instead of the penitentiary.'" Appellant's objection to this extract was that "it was not the law of the case as applied to the facts," and because it did not confine the jury to the issue of defendant's age at the time of the trial. This charge with reference to the punishment where a party is under 16 years, and the penalty assessed is five years or less in the penitentiary, properly submits the law applicable to the discretionary powers of the jury in confining the accused in the reformatory or the house of correction. Nor is there any merit in appellant's contention that the charge is obnoxious to the law in not confining the jury to the issue of defendant's age at the time of the trial. The importance of that question depends upon a state of case where there might be some question of defendant's age at the time of the trial, but in this case no such question is presented. The jury could not have been misled by the charge of the court, even if it was improper; but the charge was proper. The facts show that appellant, at the time of the commission of the offense, was 12 years of age. He was under 13. The offense was committed about the middle of June, 1896, and the trial and conviction occurred on June 29, 1896. Appellant could not have been 16 years of age at the time of the trial, and in fact, as the testimony shows, it was only about two weeks after the commission of the offense until the date of his conviction. There was no error in these portions of the charge of the court, mentioned in the bill of exceptions. Nor was there any error in the action of the court amending the verdict of the jury. The informality of the verdict consisted in the failure of the jury to state the age of the defendant. Their attention was called to this informality by the court, and the omission supplied; and the verdict thus amended was then adopted by them as their verdict, and so returned into court. The statute invested the court with authority to have an informal verdict corrected in the manner in which this was done. We do not think there was any merit in appellant's contention that the verdict of the jury is not supported by the evidence. There was a direct conflict between the defendant's own testimony and that of the accomplice. The accomplice testified that he and the defendant burglarized the house, took therefrom various articles, and that he was induced to do so by the defendant. The accomplice was 9 years of age, and the appellant 12. Appellant had secreted some of the stolen property, and, upon being accused of the crime, and requested to return said property, went to the place where it was secreted, got it, and gave it to the officers. He and the accomplice, on the same evening, and just after the burglary, took some of the stolen property to a pawnshop,, where they pawned it, the defendant receiving 50 cents of the money derived from the pawnbroker. Defendant denied entering the house or stealing the property, and testified that his younger confederate made him a present of it; and, when asked why he secreted the property, stated he did so because the property

was stolen; that his father would know it was stolen if he carried it home, and would give him a whipping for having stolen the property. The accomplice makes out the case for the State as far as accomplice testimony can go, and the corroboration is full and ample. The fact that the crime was committed by somebody was proved independent of the acccomplice's testimony, and the circumstances detailed strongly tend to connect defendant with the burglary itself; and, if the acccomplice had not testified, the testimony would have been ample to support the verdict. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overrruled without a written opinion.—Reporter.]