### JIM JONES v. THE STATE.

#### No. 4072. Decided November 11, 1908.

**1.—Murder—Jury and Jury Law—Constitutional Law—Challenge to Array.**

Upon trial for murder, a challenge to the array in the special venire, because the selection of the jury was had in accordance with the Act of the Thirtieth Legislature attacking the constitutionality of said act, was correctly overruled. Following Smith v. State, 54 Texas Crim. Rep., 298.

**2.—Same—Verdict—Form—Former Jeopardy—Acquittal.**

Where upon trial for murder the jury returned a verdict of murder in the first degree assessing defendant's punishment at ninety-nine years in the State Penitentiary, whereupon the court upon his own motion instructed the jury that their verdict did not conform to the charge of the court, there being no such punishment as found by them for murder in the first degree, and directed their retirement and further consideration of the verdict; and thereupon they retired and thereafter returned a proper verdict assessing life imprisonment, there was no acquittal of murder in the first degree, or former jeopardy, and the court acted properly under the statutes and former decisions.

**3.—Same—Argument of Counsel.**

Where upon trial for murder the State's counsel stated to the jury that defendant not only murdered the deceased but also his wife an innocent woman, and the court instructed the jury that there was no evidence that defendant killed deceased's wife and that they should not consider said remarks of counsel, and the State's counsel replied that she was killed but defendant requested no further instructions, there was no reversible error.

**4.—Same—Bill of Exceptions—Practice on Appeal.**

Where upon appeal from a conviction of murder, there appeared, in a general way, some exceptions in the statement of facts, the court will not go through the entire statement of facts and ascertain their relation to, or bearing upon any supposed error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. A. S. Baskett, special judge.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—A report of the former appeal of this case will be found in the 51 Texas Criminal Report, 472.

The punishment is the same, as shown by this record, as in the former appeal. Appellant reserved three bills of exceptions.

Contention is made in the first bill of exceptions that the court erred in overruling his challenge to the array in the special venire. The proceedings with reference to the selection of this jury was had in accordance with the Act of the Thirtieth Legislature. Practically the same contentions are made here as in Bob Smith's case recently decided by this court. On the authority of the opinion in that case appellant's challenge to the array is not well taken.

The jury agreed upon and returned the following verdict: "We, the jury, find the defendant, Jim Jones, guilty of murder in the first degree as charged in the indictment and assess his punishment at 99 years in the State penitentiary.

W. L. Arant, Foreman."

The court on his motion instructed the jury that their verdict did not conform to the charge of the court, there being no such punishment, as found by them, for murder in the first degree, and directed their retirement and further consideration of the verdict. Appellant urged several objections to this: (1) That the court should have received the verdict as returned; (2) that he had no authority to further instruct the jury; (3) that he had no authority to retire the jury to further consider of their verdict as they had already returned one; (4) that the verdict as returned was a legal finding of murder in the second degree and was an acquittal of murder in the first degree; (5) that the said verdict constituted former jeopardy as against any subsequent or further verdict. It is further recited in the bill that a short time after the jury had retired, as directed by the court, they again returned into court with the following verdict: "We, the jury, find the defendant Jim Jones, guilty of murder in the first degree as charged in the indictment and assess his punishment at life imprisonment in the State penitentiary.

W. L. Arant, Foreman."

Subsequently, the bill shows, that appellant filed a motion in arrest of judgment as follows: (1) That the verdict of the jury originally and as first returned by the jury should be made the basis of the judgment in this cause. (2) That the last verdict of the jury returned assesses against the defendant a punishment unknown to the law. This was overruled by the court. The action of the court was in compliance with the statute and decisions in this State. Article 753, Code of Criminal Procedure, reads as follows: "If the jury find a verdict which is informal, their attention shall be called to it, and with their consent the verdict may, under the direction of the court, be reduced to the proper form." Article 754, provides: "If the jury refuse to have the verdict altered, they shall again retire to their

room to deliberate, unless it manifestly appear that the verdict is intended as an acquittal, and in that case the judgment shall be rendered accordingly, discharging the defendant." So it will be seen by the reading of these statutes that express authority is conferred upon the court to call the attention of the jury to any informality in the verdict and have it, with their consent, reduced to the proper form. Such has been the ruling of the courts in Texas from the beginning in construing these statutes. It has been held that it is within the power of the court to have even a second verdict corrected by the insertion of a proper word, the jury, of course, consenting. Taylor v. State, 14 Texas Crim. App., 340. In Taylor's case, which was a conviction of murder, the verdict found the accused guilty of murder in the first degree and assessed his punishment at ninety-nine years in the penitentiary. The court in that instance had, with the consent of the jury, the verdict corrected and the court upon appeal held that the verdict, being informal as to punishment, but contrary to the charge of the court, and not such finding as the court could receive, it was not only proper, but it was the duty of the court to reject their verdict, call the attention of the jury to the charge and send them out to consider again of their verdict. For a collation of authorities see White's Annotated Code Criminal Procedure, section 913. Without discussing this question further, we hold that there was not only no error, and the court was not only justified in ruling as he did, but it was proper and right that he should have done so.

Another bill recites that one of the State's attorneys in argument stated to the jury that defendant not only murdered Bob Lyles, but that he at the same time murdered Bob Lyle's wife, an innocent woman. The court instructed the jury that there was no evidence that defendant killed deceased's wife and not to consider said remarks of counsel. To which counsel for the State replied: That he thought the State had proved that she was killed. Appellant also objected to this. The court explains this bill by stating that "when the remarks complained of were made and objected to by defendant's counsel the court instructed the jury orally that they should pay no attention to the remarks as there was no evidence before them that Bob Lyles' wife had been killed. The defendant never presented any written charge asking that the matter be any further withdrawn from the consideration of the jury." As we recall this record there was no evidence before the jury that Mrs. Lyles was in fact killed. There is some evidence to the effect that she was shot at the same time and by the same discharge of the gun that killed her husband, but the record does not show that she died from it. Be this as it may, as the matter is presented we are of opinion that it is not of sufficient importance to require a reversal of the judgment.

We have reviewed the bills presented by the record. There are

some exceptions in a general way stated in the statement of facts, but in such a manner that the court is not called upon to go through the entire statement of facts and ascertain their relation to or bearing upon any supposed error. We have not reviewed the facts or made a statement of the case, deeming it unnecessary. So far as the statement of the case is concerned, it is sufficiently stated in the report of the former appeal.

As the record is presented, we find no such error as requires a reversal of the judgment. It is, therefore, ordered that it be affirmed.

*Affirmed.*