## J. H. BARNETT v. THE STATE.

### No. 3212.   Decided October 14, 1914.

**1.—Local Option—Verdict—Suspension of Sentence.**

The jury is not authorized to recommend a suspension of sentence where no application was filed by the defendant; such application must be made in writing, sworn to and filed before the trial begins.

**2.—Same—Indictment.**

Where, upon trial of a violation of the local option law, the indictment followed approved precedent, the same was sufficient.

**3.—Same—Charge of Court—Objections.**

In the absence of exceptions taken to the charge of the court before a verdict is rendered, the same can not be considered on motion for new trial.

Appeal from the District Court of Grayson.   Tried below before the Hon. W. J. Mathis.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*E. W. Neagle* and *Ben Savage,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was indicted for selling liquor in prohibition territory, and upon trial the jury returned the following verdict: "We, the jurors, find the defendant guilty as charged and assess his punishment at confinement in the penitentiary for one year.  We, the jurors, recommend that sentence be suspended as this being the first offense."

The question arises, is a jury authorized to recommend a suspension of the sentence when no application has been made by the person on trial?  We think not.  The law is plain.  Before a sentence can be suspended "application therefor must be made in writing, sworn to and filed before the trial begins."  (Sec. 1 of Chap. 7, Acts 33rd Legislature.)  As no application was filed until after verdict, the court properly ignored that portion of the verdict of the jury and correctly passed sentence on the appellant.  In the absence of an application voluntarily made by the appellant, filed before the trial begins, the jury and the court are without authority to suspend the sentence.  A strict compliance with the terms of this Act of the Legislature is required before one is entitled to the benefits of its terms.  Had the appellant filed an application for suspension of sentence, the State would then have been permitted to introduce testimony on that issue, but it was not entitled to do so until the plea had been filed.  The form of indictment in this case has been frequently approved by this court, and the court did not err in refusing to arrest the judgment.

There are no bills of exception in the record, and no exception was

taken to the charge of the court before verdict was rendered, consequently those grounds in the motion for new trial complaining of the court's charge can not be considered by us.

The judgment is affirmed.

*Affirmed.*