Mrs. K. C. Speer v. The State.

No. 3321.    Decided November 18, 1914.

1.—Pandering—Suspension of Sentence—Verdict.

In the absence of an application for the suspension of sentence, the jury had no right to recommend it to the court.

2.—Same—Charge of Court—Objections—Sufficiency of the Evidence.

In the absence of objections to the charge of the court before the same was read to the jury, the same could not be considered on appeal; besides, the court's charge correctly submitted the issue made by the evidence.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of pandering, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

Appeal from the Criminal District Court of Dallas.    Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of pandering; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of pandering, and her punishment assessed at five years confinement in the State penitentiary.

There are no bills of exception in the record reserved to the introduction or rejection of any testimony had on the trial of this case. The first bill of exceptions complains of the following matter: After the jury had retired, they propounded to the court the following question: "Can we recommend a suspended sentence?" To which the court replied in writing: "No application for a suspended sentence has been requested, hence you have no right to recommend it to the court." Appellant contends that although no application had been made by her, yet the jury ought to have been permitted to recommend a suspension of the sentence if they so desired. This is not the law. Barnett v. State, 74 Texas Crim. Rep., 619.

Appellant at the time the charge of the court was presented to her counsel for inspection filed no objections thereto, but the record discloses several special charges were requested. It has been held, under the law passed by the last Legislature, these should not be considered unless objections were made to the charge as given at the time same was presented to counsel for inspection. If error there be, either of omission or commission, the court's attention must be called to such matter by objection to the charge in the particular where it is deemed erroneous before it is read to the jury. However, we have read the court's charge and think it a fair submission of all the issues raised by the evidence, and fully covered all those portions of the special charges requested which are the law of the case. Of course, the testimony is in direct conflict—the State's evidence makes a case, while that of defendant and her witnesses would render her absolutely innocent of the offense of pandering, although running a rooming house, of questionable reputation at least. Under the evidence we do not think there is any question that Mrs. J. G. Wilson, Jr., had acts of intercourse with men in appellant's rooming house, yet under appellant's testimony the court instructed the jury: "The court further instructs you that if you find from the evidence that Mrs. J. G. Wilson, Jr., committed acts of prostitution in the Opera Hotel, and if you believe from the evidence that said house was a house of prostitution, still before you can convict the defendant, after finding as above, you must also find beyond a reasonable doubt that the defendant, Mrs. K. C. Speer, induced or procured or attempted to procure the said Mrs. J. G. Wilson, Jr., to enter or remain therein as an inmate thereof for the purpose of prostitution."

He also instructed the jury: "You are instructed that a house of prostitution is one that is kept for the purpose of prostitution or where prostitutes are permitted to resort or reside for the purpose of plying

their vocation. Unless you believe from the evidence beyond a reasonable doubt that the Opera Hotel, which is alleged to have been kept by this defendant, was such a house of prostitution, as above defined, then it is your duty to find the defendant not guilty."

Under the facts we do not feel authorized to disturb the verdict, and the court in his charge having fully covered the law of the case, there was no necessity to give any of the special charges requested.

The judgment is affirmed.

*Affirmed.*