## H. A. KOLB v. THE STATE.

No. 6861.   Decided December 13, 1922.

**1.—Fraudulent Disposal of Mortgaged Property—Continuance—Diligence—Practice on Appeal.**

Although diligence in securing a process may be questionable, yet if the witness was in fact sick at the time of the trial no diligence however perfect would. have been able to have secured her attendance, and her testimony being material a new trial should have been granted.

2.—Same—Mortgage—Written Instrument—Practice on Appeal.

Where the prosecution is based on a written instrument and was re-
ferred to in the statement of facts as a recorded mortgage, but ·the state-
ment of facts as it appears in the record did not show that a written mort-
gage or a copy was introduced in evidence the conviction cannot be sus-
tained.

Appeal from the Criminal District Court of Tarrant. Tried below
before the Honorable George E. Hosey.

Appeal from a conviction of a fraudulent disposal of mortgaged
property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. *Storey*, Assistant Attorney General, and *Jesse M. Brown*, Dis-
trict Attorney, for the State.

HAWKINS, Judge.—The instant prosecution proceeded under Ar-
ticle 1430 of our Penal Code denouncing the fraudulent sale or other
fraudulent disposal of property upon which a written mortgage had
been executed. Conviction followed with a penalty of two years
in the penitentiary.

The State's case shows that one Goodnature had sold to appellant an
automobile for the sum of $425. To secure the payment of the pur-
chase price appellant had executed a mortgage on said car; that the
car was thereafter sold by appellant. It is contended by the State that
the mortgage was a valid mortgage at the time the sale was made. It
is the contention of appellant that when the note matured which was
secured by the  mortgage in question Goodnature agreed to accept a
new note signed by appellant and his brother, and agreed at that time
if the brother signed the new note as surety the mortgage would be
cancelled; that a new note was given with thirty days additional time
for payment; but Goodnature claimed that he did not agree to cancel
the mortgage, but that the new note was executed as an extension of
the old one. In this state of the record we consider appellant's ap-
plication for a continuance.

The case had been set for trial at a day some weeks prior to the
time it was actually tried, at which former setting the witness Mrs.
Lillian Cornish had not been subpoenaed as a witness. On October 22,
two days before the trial appellant did apply for process for this witness
and sets up in his application that she would testify that she was present
at the time Goodnature and appellant were discussing the renewal
note and the cancellation of the mortgage, and that prosecuring wit-
ness asked her (Mrs. Cornish) if she would sign the note as security,
which she declined to do; that appellant's brother agreed to sign it,
which he did, and that prosecuting witness said the mortgage would
be cancelled and the old note destroyed. Some question seems to

have arisen as to whether this witness was subpoenaed. The applica tion states that the sheriff first returned the process into Court show- ing service on the witness but later changed it showing she had not been served. The process itself is not attached to the application, but there is attached to the application the certificate of a physician to the effect that Mrs. Cornish at the time of the trial was ill and would be unable to leave her bed for two or three weeks. We gather from the record that witness was served by telephone and accepted service there- under. If the witness would have testified as stated in the applica- tion there is no doubt but that it was upon a vital issue in the case, and if believed by the jury would have furnished a complete defense to the prosecution. Although diligence in securing the process may be questionable, yet if the witness was in fact sick at the time of the trial, no diligence, however perfect, would have been able to have secured her attendance, and we have reached the conclusion that the court was in error in overruling the application for continuance, especially in view of the fact that at the time he passed upon the motion for new trial the case had been developed and the importance of this witness's testi- mony was apparent. We believe a new trial should have been granted in order that this testimony might have been secured.

The case must be reversed for another reason also. To lay a basis for a prosecution of this character the mortgage in question must have been a written instrument. All through the statement of facts it is referred to as a written instrument and as having been filed for regis- tration in the office of the county clerk and the statement of facts shows that the State offered in evidence the certified copy of the mort- gage which had been recorded in the office of the county clerk of Tar- rant County, and there is left in the statement of facts a blank page which it was evidently the purpose of the attorney to fill in with a copy of the mortgage, but by an oversight the same was omitted there- from. We must take the statement of facts as it appears in the record and we find therein no mortgage. There is an assignment in appel- lant's motion for new trial that the evidence is insufficient to support the conviction. We must take the record before us, and without the written mortgage having been introduced in evidence the conviction can not stand. We regard it as analogous to prosecution for forgery where the alleged forged instrument is not introduced in evidence.

For the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*