GEORGE SCOTT AND GROVER UPCHURCH v. THE STATE.

No. 7730. Decided March 12, 1924.

Rehearing denied April 30, 1924.

1.—Transporting Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence was sufficient to support the conviction, there is no reversible error.

2.—Same—Indictment—Charge of Court—Requested Charge.

The indictment being in proper form there was no error in overruling the motion to quash, and the special charge requesting the court to instruct the jury that it is unlawful to transport liquor for purposes of sale, and that the jury should acquit unless such purpose of such transportation is proved beyond a doubt was correctly refused.

**3.—Same—Informal Verdict—Practice in District Court—Accomplice.**

There was no error in permitting the district attorney to re-write an informal verdict and then have the jury to sign same, and there was no error in the court's failure to instruct on accomplice's testimony as the witnesses were not accomplices under the statutes.

**4.—Same—Rehearing—Accomplice—Sufficiency of the Evidence.**

The question of accomplice was not raised in the lower court and the evidence being sufficient outside of the alleged accomplice's testimony, there is no reversible error.

Appeal from the District Court of Lee.  Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellants was convicted in the District Court of Lee County of transporting intoxicating liquor, and their punishment fixed at one year in the penitentiary.

The evidence seems ample to support the conviction and shows from the State's standpoint that they transported from a point in Lee county to Georgetown in Williamson County four gallons of whisky. They bought it from a man named Bodkin and claimed they had it sold for eighty dollars.

The indictment is in form which has heretofore often been held by us sufficient, and there was no error in overruling the motion to quash same.  A special charge requesting the court to tell the jury that it is unlawful to transport liquor for purposes of sale and that the jury should acquit if they had a doubt as to whether such was the purpose of the transportation, was properly refused, as were all of the other special charges which appear in the record.

The verdict as originally returned was regarded as informal and was rewritten by the district attorney and then read to the jury, and the learned trial judge asked them and each of them if that was their verdict, to which they replied, yes.  There was no error in this proceeding.  The State witnesses in this cause are specifically removed from the character of accomplices, by statute.

No error appearing in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

April 30, 1924.

LATTIMORE, JUDGE.—The only complaint made is that we failed to discuss the matter of accomplices. The question of accomplices or accomplice testimony was not raised in any way in the trial court. The only way in which we would consider it at this time would be as to the sufficiency of the testimony. In view of the motion we have again examined the record and find that the conviction is amply supported by the testimony of Bessie Bodkin and her mother, neither of whom appear to have had anything to do with the liquor, the transportation of which constitutes the offense charged against appellants.

The motion for rehearing will be overruled.

*Overruled.*