### B. M. GOBLE v. THE STATE.

No. 8584. Delivered January 7, 1925.

No motion for rehearing filed.

1.—Transporting Intoxicating Liquors—Indictments, Sufficiency of.

It is not necessary for an indictment for transporting intoxicating liquor to allege that it was being transported for the purpose of sale. The motion to quash the indictment on this ground was properly overruled.

2.—Same—Evidence—of Accused's Condition—Properly Admitted.

Evidence that when appellant was discovered by the sheriff, with an overturned automobile containing a quantity of whisky, that appellant was drunk, was properly admitted.

3.—Same—Special Charge—Properly Refused.

A special charge requested by the appellant to the effect that the jury should acquit him if they found that one Archie Armstrong was driving the appellant's car through Parker county, was properly refused. Appellant would not have been excused by such fact, as a matter of law. He was present and in the car at the time it was turned over, and of the disappearance of the "ubiquitous stranger" in Parker county, and this would clearly make him a principal, and prevent the special charge requested from containing a correct proposition of law.

Appeal from the District Court of Parker County. Tried below before the Honorable F. O. McKinsie, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, one year in the state penitentiary.

*Preston Martin,* Attorney for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant States Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Parker county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There appears no dispute possible under the facts but that a large quantity of whisky was being transported in appellant's car from some point in Palo Pinto county to the city of Fort Worth. After his arrest and proper warning, appellant made a written statement, which was introduced in evidence against him on his trial, in which he said that another man came to his home in Palo Pinto county and offered him $50.00 to take him and his whisky from Thurber to Fort Worth. They drove as far as Weatherford where a stop was made to get the brake of the car fixed. Appellant said that while he was having the brake fixed the other party left the car and appellant picked him up on the square. About a mile east of Weatherford the car turned over and appellant said that the other party got out of the car and took two jugs of the liquor and left saying he would be back in a minute but that he never did come back.

Appellant moved to quash the indictment upon the ground that it did not allege that the transportation of the liquor in question was for purposes of sale. The question has been before us and decided adversely to this contention. Land v. State, 93 Texas Crim. Rep. 470; Crowley v. State, 93 Texas Crim. Rep. 103; Scott v. State, 97 Texas Crim. Rep. 105.

There is also a bill of exceptions to the testimony of the sheriff that when he discovered appellant at the place where the car was turned over that he was drunk. We think the testimony was admissible. In appellant's own written statement he said that when he and his com-

98 Tex. Crim.—42.

panion reached Weatherford they were drinking. We do not believe it erroneous to give in evidence the condition of appellant at the time he was found in possession of the liquor in question.

Appellant asked two special charges, one that the burden was on the State to show that the liquor was being transported for purposes of sale, and the other that the jury could not convict unless they believed the evidence showed the liquor was being transported for such purpose. Both charges were properly refused. Scott v. State, 97 Texas Crim. Rep. 105.

Appellant asked a special charge instructing the jury that if they believed that one Archie Armstrong was driving appellant's car through Parker county, containing the whisky in question and that this accused was not driving said car, they should find him not guilty. The charge was properly refused for several reasons. There seems no question from the statement of appellant offered in evidence but that he drove the car himself while in the city of Weatherford, and there is no evidence showing which of the parties drove it as they entered said city. The mere fact that in said statement it is made to appear that Armstrong was driving the car at the point east of said city where it turned over, would not exculpate appellant or entitle him to an acquittal. Under his own admission his agreement was to bring the whisky and Armstrong in his car from Thurber to Fort Worth for $50.00. He was present and engaged in the prosecution of this transportation, according to that agreement, at the time the car turned over in Parker county. Having fully agreed with Armstrong to transport the liquor in his car and being engaged with Armstrong in the prosecution of this criminal enterprise at the time, would clearly make him a principal and prevent the special charge mentioned from containing a correct proposition of the law.

Bill of exceptions No. 7 presents the objections to the court's main-charge each of which has been examined by us and none of which is believed to present any valid ground of objection. Complaint is also made that the court instructed the jury that while appellant was permitted to take the stand and testify, he was not required to do so and that his failure to testify could not be considered by the jury as any fact or circumstance against him. We do not believe this to present any error.

Appellant received the lowest penalty at the hands of the jury, and the evidence amply justifying the conclusion of guilt, the judgment will be affirmed.

*Affirmed.*