EMMETT WHITLEY V. THE STATE.

No. 9939. Delivered March 3, 1926.

1.—Transporting Intoxicating Liquor—Verdict of Jury—Not Invalid.

Where a verdict of the jury on a trial for transporting intoxicating liquor found the defendant guilty, and assessed his punishment at confinement in the State penitentiary for one year, and recommended a suspended sentence, such verdict is not invalidated by the fact that the defendant was thirty-seven years of age, and was not entitled under the law to a suspended sentence, and the jury not having been charged on this question.

2.—Same—Continued.

Where there is no application for a suspended sentence, the court is authorized to receive the verdict, making a recommendation for same, but to disregard the recommendation and sentence the defendant to confinement in the penitentiary. Following Barnett v. State, 170 S. W. 143, and other cases cited.

Appeal from the District Court of Caldwell County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*C. R. Fields* of Lockhart, for appellant.

*Sam D. Stinson,* State's Attorney, for the State.

BERRY, JUDGE.—The offense is transporting liquor, and the punishment is one year in the penitentiary.

There are no bills of exception in the record.

In the motion for a new trial appellant complains at the court's action in receiving the verdict that was written and returned by the jury in this case. This verdict found the defendant guilty of unlawfully transporting liquor and assessed his punishment at a year in the penitentiary and recommended a suspended sentence. The facts show that appellant was thirty-seven years of age and for that reason was not entitled under the law to receive a suspended sentence and no application for a suspended sentence was made and the jury was not charged on this question. This court has held in the case of Barnett v. State, 170 S. W. 143; Spear v. State, 171 S. W. 201; Bessett v. State, 170 S. W. 143; Spear v. State, 171 S. W. application for a suspended sentence the trial court is authorized to receive the verdict making a recommendation for the same but to disregard same and to sentence defendant to confinement in the penitentiary. The holding in the above cases is to the effect that the recommendation may be treated as surplusage. This case is much stronger than the above cases. The appellant sat idly by and did not except to the receipt of the verdict rendered in this case and made no request to have the jury retired to reconsider the verdict, but contents himself by raising the matter for the first time in the motion for a new trial. We believe that the court was justified under the facts of this case in treating the recommendation for a suspended sentence as surplusage and there being no errors in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.