## WILLIE HEMBY V. THE STATE.

No. 10269.    Delivered October 6, 1926.

**1.—Robbery—Bill of Exception—Qualification Controls.**

Where a bill of exception complains of the refusal of the court to permit the introduction of certain testimony, and such bill is qualified by the court with the statement that the testimony was admitted, the appellant is bound by the qualification.

**2.—Same—Suspended Sentence—Verdict Corrected by Court—No Error.**

Where, on the trial of appellant for robbery, no application for a suspended sentence having been presented, and none being authorized by law, there was no error in the trial court striking out of the verdict the recommendation of the jury that the sentence be suspended, which was done with the consent of the jury.    Art. 696 (773-774) of Vernon's C. C. P. authorizes such a change in the verdict.    Also see Whitley v. State, 281 S. W. 544, and other cases cited.

**3.—Same—Evidence—Held Sufficient.**

Where the verdict of the jury is supported by the evidence in a case, however strong the contradictory evidence of the appellant may be, this court is unauthorized, under the law, to interfere with the finding of the jury, and in the instant case, the evidence of the state being sufficient to support the verdict, the case must be affirmed.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

The opinion states the case.

*W. A. Howe* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court of Harris County for the offense of robbery, and his punishment assessed at five years in the penitentiary.

The record discloses three bills of exception. The first bill complains of the action of the court in permitting the state to ask the prosecuting witness, Bird, the following question: "When you got to this place that you describe, did you see Hargraves and this man sitting over there called Willie Hemby?" Appellant objected to said question for the reason that it was leading. We are of the opinion that the question was not leading.

Bill No. 2 complains of the refusal of the court to permit the defendant to prove by the witness, Leon Westergren, that prior to the alleged robbery Henry Graves, a co-defendant, had access to the guns and ammunition owned by said witness which, the defendant contended, would have a tendency to explain why he, the defendant, had the pistol cartridges in his possession when he was arrested for this offense. The court, in signing said bill, states that the testimony referred to in said bill was introduced in evidence before the jury, which statement is borne out by the record.

In bill of exception No. 3 complaint is made to the action of the court in striking out that portion of the verdict of the jury wherein they recommended that the sentence be suspended. The bill discloses that when the verdict was returned assessing defendant's punishment at five years in the penitentiary and recommending that the sentence be suspended, the trial judge informed the jury that there could be no suspension of the sentence in a robbery case of this kind and that he would ignore that portion of the verdict and correct same by eliminating such recommendation, and that the judge then polled the jury and they all stated that the verdict as corrected was their verdict. Art. 696 (773-774) of Vernon's C. C. P. states: "If the verdict of the jury is informal, their attention shall be called to it, and,

.with their consent the verdict may, under the discretion of the court, be reduced to the proper form." In the case of Whitley v. State, 281 S. W. 544, this court, speaking through Judge Berry and in passing upon a similar question, after citing Barnett v. State, 170 S. W. 143, Speer v. State, 171 S. W. 202, and other authorities, stated that where there was no application for a suspended sentence the trial court was authorized to receive the verdict making a recommendation for same, but had the right to disregard that portion of said verdict and treat it as surplusage. The record discloses that there was no application for a suspension of sentence in this case, and in robbery cases of this kind the defendant is not entitled to the benefit of the suspended sentence law. After a careful examination of this bill, we have reached the conclusion that there was no error in the action of the District Court in correcting the verdict by eliminating the recommendation for the suspension of sentence.

The appellant contends that the evidence is insufficient to warrant his conviction. We have carefully examined the statement of facts, which discloses an issue between the state and the defendant as to his being the guilty party, and the jury having resolved the issue against the appellant, with sufficient facts to authorize their conclusion, we are unauthorized, under the law, to interfere with the finding of the jury thereon.

Finding no error in the record, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.