HILLIS CHAMPION v. THE STATE.

No. 12098. Delivered June 27, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

It is contended that this case should be reversed because of the fact that the trial judge changed the verdict at the time it was brought in, and struck out from same a recommendation put there by the jury, for a suspended sentence. We cannot agree to a reversal for such reason.

While there appears on file an application for suspended sentence, there is not a word in the record showing that it was ever brought to the attention of the trial court, or presented to the jury, or supported by any testimony. The judgment ordinarily recites the pleas. In this case it states that the indictment was read and the defendant pleaded not guilty. No reference whatever is made to the presentation of a plea for suspended sentence. There is in the record no statement of facts, and no bill of exceptions, and no exceptions taken to the charge of the court, and no special charges asked. The trial court did not submit the issue of a suspended sentence in his charge. In the absence of some exception to the charge, or some complaint of the action of the court, supported and shown to be well founded,

the uniform holding of this court is in favor of the correctness and regularity of the action of the courts below. Unless we overturn all of our holdings we are (under such circumstances) compelled to assume that the action of the trial court in not submitting such issue was correct. When the jury brought in their verdict, and when same was read containing a recommendation for a suspended sentence, the trial court then informed the jury that he could not receive it in that form, that he had not submitted to them the issue of suspension of sentence, and in their presence and while together he reformed the verdict and struck out of same the said recommendation, then read or had read to the jury the verdict finding the accused guilty and assessing his punishment at two years in the penitentiary, after which he asked the jury if such verdict so read was theirs. None of them objected but all by silence assented, whereupon the trial court discharged the jury and entered judgment upon the verdict as corrected. Appellant filed a motion for new trial, supporting same by the affidavit of one juror. Upon presentation of the motion this juror testified. His testimony is in the record. He says: "We really thought application was on file for suspended sentence and the verdict I agreed to was a verdict with a suspension of sentence. I don't believe I would have agreed to a verdict without a suspension of the sentence." In his affidavit attached to the motion he stated that his reason for wanting the suspension of sentence was that the defendant had proved a good reputation as a law-abiding citizen and that he had never been arrested but once before for any other crime, which was for burglary, and that he was acquitted of that. Asked on the hearing of the motion about this part of his affidavit, he makes the following explanation: "We understood that he had been arrested, but there was no conviction. Yes, the district attorney asked him about a burglary charge and then it was shown that he wasn't convicted of that offense; THE COURT INSTRUCTED US NOT TO CONSIDER THAT TESTIMONY FOR ANY PURPOSE, and I don't know that we did consider that particular testimony, but the evidence all round showed that he had been a good negro. We agreed that as he was a good negro and paid his bills we would recommend a suspended sentence. Yes, when the jury came in with the verdict the only verdict the court read was that assessing the punishment at two years in the penitentiary and he asked us if that was our verdict, to which there was no dissenting voice then, but it was written on there; the judge read the sentence and told us the suspended sentence wasn't submitted. * * * As to

no one objecting when the judge read the verdict, of course under the conditions in the charge we had to give him two years, but there was some doubt of his identification as being the negro and by that name he had been going by, we decided he oughn't to serve two years in the penitentiary." Notwithstanding appellant and his learned counsel were present when the court struck out of the verdict that part of same which had reference to an issue not submitted in the charge, and which clearly rendered it informal,—no objection was made or exception taken, and no opportunity then afforded the court of knowing that his course was objectionable, or of sending the jury back to themselves correct the informality.

Art. 696 C. C. P., authorizes judges of courts to reduce verdicts to proper form with the consent of the jury, and it is only when the jury refuses to have their verdict altered that it is deemed necessary under the plain terms of said article to return the verdict to them and send them back for further deliberation. The right and power of the judge in this regard has been affirmed in many cases. Robinson v. State, 23 Texas Crim. App. 315; Taylor v. State, 14 Texas Crim. App. 340; Jones v. State, 7 Texas Crim. App. 103; Alston v. State, 41 Tex. 639; Walker v. State, 13 Texas Crim. App. 618; Guest v. State, 24 Texas Crim. App. 530; Gage v. State, 9 Texas Crim. App. 259; May v. State, 6 Texas Crim. App. 191; Rocha v. State, 38 Texas Crim. Rep. 69; Jones v. State, 54 Texas Crim. Rep. 507; Black v. State, 68 S. W. Rep. 683; Fifer v. State, 64 Texas Crim. Rep. 203; Allison v. State, 98 Texas Crim. Rep. 56; Scott v. State, 97 Texas Crim. Rep. 105.

In the Robinson case, supra, the jury returned a verdict finding the accused guilty of theft of $20.00 and assessed his punishment at confinement in the penitentiary for thirty years. When read in court the foreman of the jury requested the court to reduce the verdict to proper form. The district attorney wrote the following verdict: "We, the jury, find the defendant guilty of robbery as charged in the indictment, and assess his punishment at thirty years in the State penitentiary." The jury all assented to this verdict. When complaint of this procedure was before us this court said: "The court having authority to amend, the verdict as amended was legal." In May's case, supra, the accused was on trial for an offense embracing degrees, and the different degrees were submitted in the court's charge. The verdict as returned was general. The clerk wrote in the verdict the particular offense ascertained from the jury as that of which they intended to find the accused guilty. The jury

assented to the change. This court held it correct. In Rocha v. State, supra, the jury were instructed to state in their verdict what they found to be the age of the accused. They failed to so state. The court verbally interrogated them and himself inserted this necessary material fact in their verdict. They agreed. We upheld the verdict. In Allison's case, supra, the court changed the verdict by striking out the word "possessing" and having written therein the word "receiving." Each of the present judges of this court examined this record and wrote therein and the verdict was upheld.

Reference is made in appellant's brief to Bessett v. State, 180 S. W. Rep. 251, and it is cited as authority for his contention. The opinion in that case appears to be absolutely correct upon its facts, but seems to have no bearing whatever upon the point here involved. The opinion is by Presiding Judge Davidson, and is in his usual logical style. Its facts show that the jury thought they had the right to give a suspended sentence. They came into court and asked the judge if they could do so. He informed them in writing that they could not. Later they brought in a verdict recommending the suspension of the sentence. The court RECEIVED IT AND DISCHARGED THE JURY, and then proceeded to enter up judgment, omitting the matter of suspending the sentence. Judge Davidson says in his opinion that if the jury returned a verdict which they were not authorized to do, the court did not have any authority to receive it. Discussing Art. 774, 1911 C. C. P., which is now Art. 696, 1925 C. C. P., Judge Davidson says that it provides, if the jury refuse to have the verdict altered, they shall again retire to their room to deliberate. He further says: "The jury did not refuse to change their verdict, for they were not required so to do by the court, nor did the court call their attention to it." He refers to Art. 773, 1911 C. C. P., which has been combined in and is now also a part of Art. 696, 1925 C. C. P. He says that this provides that if the jury find a verdict which is informal, their attention shall be called to it and with their consent the verdict may, under direction of the court, be reduced to proper form. This the writer understands to be a clear intimation on the part of Judge Davidson that in case there be a verdict such as was brought in the Bessett case, and such as was brought in in the case now before us, the court had the right to call the attention of the jury to the verdict and to reform it. Judge Davidson proceeds in the opinion in the Bessett case: "There was no attempt by the court to have the verdict reformed or changed as required by this statute. The verdict was brought in, received by

the court, the jury discharged, and judgment entered upon it as brought in, except the judgment omitted the suspended sentence recommendation. Upon this the court entered judgment and sentence against the defendant in the face of the verdict brought in by the jury." Further in the opinion Judge Davidson continues: "The verdict was rendered against positive and unqualified instructions of the judge not to return such verdict, yet the judge received it in the face of all this, and discharged the jury even without a reprimand, and substituted a verdict as basis for a judgment the jury did not return." Further in the opinion Judge Davidson makes this observation, speaking of the power and duty of the judge: "He has power to cause a correct and proper verdict to be returned, and, if such verdict is not rendered, he can retire the jury till they agree on such a verdict." It seems plain from this opinion that Judge Davidson's reasoning was to the effect that if the court had changed and reformed the verdict, or upon the jury refusing to have this done, had retired them, in either event there would have been no need for a reversal. The proposition that the court can not receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings. In Baker v. State, 70 Texas Crim. Rep. 618, we said: "The court could not accept the verdict of the jury and permit it to stand, and yet refuse to abide by it." The same thing is held in Essery v. State, 72 Texas Crim. Rep. 414, and in Coleman v. State, 75 Texas Crim. Rep. 666. We know of no holding to the contrary.

Believing that the action of the court in this case was entirely proper, that it was agreed to by the accused, his attorneys and the jury, and that appellant's contention is not sound, the judgment will be affirmed.

## CONCURRING OPINION.

HAWKINS, Judge.—I believe the opinion of the majority of the court in Bessett v. State, 180 S. W. 251, is erroneous. I am in full accord with the dissenting opinion of Judge Davidson in that case to the effect that a trial judge may not *receive* a verdict which as a part thereof recommends a suspended sentence and then enter a judgment which ignores such recommendation. It should be understood that Barnett v. State, 170 S. W. 143; Whitley v. State, 103 Tex. Cr. R. 413, 281 S. W. 544; Hemby v. State, 105 Tex. Cr. R. 126, 286 S. W. 1099; Bessett v. State (supra), and all other

cases which hold or intimate to the contrary are expressly overruled. I am of opinion, however, that where a verdict is returned which recommends a suspended sentence in the absence of the submission of that issue to the jury that two courses are left open to the trial judge; he may retire the jury for them to correct their verdict; or he may with their consent make the correction *before* receiving it. As I understand the record in the present case the latter course was followed without any objection at the time being interposed by appellant or his counsel. The verdict copied in the judgment was the one received *after* correction and does not mention the recommendation for suspended sentence; in that respect it is entirely unlike the verdict in Bessett's case which was received—the recommendation for suspended sentence being a part thereof,—but which part was entirely ignored in entering the judgment. ·

I therefore concur in the opinion of affirmance.

### DISSENTING OPINION.

MORROW, Presiding Judge.—Passing a forged instrument is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

From the motion for new trial and the evidence heard thereunder, it is disclosed that the jury returned into open court a verdict in the following language:

"We, the jury, find the defendant Hillis Champion, guilty of passing a forged instrument in writing as charged in the second count in the indictment and we assess his punishment at two years in the penitentiary and recommend a suspended sentence.

M. F. Goode, Foreman."

An application for a suspended sentence had been filed in due time and in proper form. The jury was not instructed upon the subject of a suspended sentence, nor was there any exception to the charge because of the absence of such an instruction. The statement of facts upon the motion for new trial, approved by the trial judge and signed by the attorneys for both the State and the appellant, shows that there was evidence introduced upon the trial to the effect that while the appellant had been arrested for another offense, he was never convicted. According to the language of one of the jurors, "The evidence all round showed that he had been a good negro." When the jury brought their verdict into the court the judge read that part of the verdict which found the appellant guilty and omitted that part of it which recommended a suspended sentence. When

the jury asked if that was their verdict, there was no response, either assent or dissent. The court stated that he had not submitted the question of a suspended sentence. In entering the judgment, the part of the verdict recommending the suspended sentence was omitted. On the appeal there is properly raised the question as to whether under the undisputed facts stated above the trial court was warranted in entering the judgment described. The statute, Art. 693, C. C. P., 1925, requires the verdict in a criminal action to be general, except where there are special pleas, in which case the jury must indicate their finding upon the plea. Art. 778, C. C. P., 1925, in substance states that the court shall hear evidence upon the plea for a suspended sentence to enable the jury to determine whether the sentence shall be suspended and shall submit to the jury the question as to whether the accused has previously been convicted of a felony. The statute further says:

"Such testimony shall be heard and such question submitted only upon the request in writing by the defendant; provided, that in all cases sentence shall be suspended if the jury recommends it in their verdict."

In Art. 696, C. C. P., 1925, the law declares that when the verdict is informal, the jury's attention shall be called to it and with their consent it shall be corrected and reduced to proper form. If the consent is not given, the jury shall be ordered to retire for further deliberation, unless it appear that the verdict was intended for an acquittal, in which case the accused shall be discharged.

The testimony adduced upon the motion for new trial in the present instance is not believed to be inhibited by the rule which forbids the jury to impeach their verdict. When a verdict is rendered it cannot be impeached by the testimony of the jurors. When, as in the present case, the issue as to whether a particular verdict was rendered is involved, it is competent to receive the testimony of the jurors in solving the issue. In the present instance the verdict rendered, signed and returned into court by the jury was in writing and recommended that the sentence be suspended. The verdict upon which the court entered the judgment was not that but a different one. To determine whether the written verdict or the part thereof used by the court was in fact the verdict of the jury, the testimony of the jurors was relevant and competent. See Ruling Case Law, Vol. 27, p. 900, sec. 74; also p. 901, sec. 76. Without taking note of the statutes, Arts. 693 and 696 (which in the old statutes of 1911 were Arts. 770, 773 and 774), this court sanctioned the action of

the trial court in striking out a part of the verdict which recommended the suspended sentence in several cases. In neither of the cases, however, was there filed any plea for a suspended sentence, nor any evidence supporting such a plea. The matter came before the court again in Bessett v. State, 180 S. W. Rep. 251, under a state of facts like those in the other cases just mentioned, namely, without a plea for a suspended sentence or evidence supporting such a plea. The majority of the court, following the cases first adverted to above, affirmed the judgment. Presiding Judge Davidson, however, called attention to the fact that in rendering the opinions in the previous cases, the statutory provisions mentioned were overlooked. In discussing the matter in an elaborate opinion and one which the writer believes to be sound, Presiding Judge Davidson expresses the view that the amendment or correction of the verdict in the case mentioned was unauthorized. He called attention to Art. 686, C. C. P., 1925 (Art. 763, C. C. P., 1911) in which it is said:

"A verdict is a declaration by a jury of their decision of the issues submitted to them in the case, and it must be in writing and concurred in by each member of the jury.

It must be a jury of 12 members—no more and no less. C. C. P., 1911, art: 764; Const., art. 5, sec. 13. The judge is not a juror, and cannot render a verdict, or any part of it, in a felony case, nor can he substitute his judgment for the verdict of a jury. He has power to cause a correct and proper verdict to be returned, and, if such verdict is not rendered, he can retire the jury till they agree on such a verdict. He cannot substitute his judgment, however, for an incorrect or illegal verdict.

My Brethren hold, under the authority of Barnett v. State, 170 S. W. 143, and Speer v. State, 171 S. W. 201, this judgment ought to be affirmed, and they do affirm it. It will be noticed those two cases, however, do not discuss the statutes I have mentioned. They were not even noticed in those opinions. The fact that those decisions were by a unanimous court does not cure the failure to notice Articles 773 and 774 of Code Crim. Proc., supra. I do not evade my responsibility for the two cases cited by majority, but for that reason I am not willing to be further responsible for the error committed in those cases. The court ought to be correct in deciding the law, rather than consistent in error." (Bessett v. State, 180 S. W. Rep. 251.)

In the case of Whitley v. State, 281 S. W. Rep. 544, the matter came before the Court of Criminal Appeals as it is now constituted, and on the authority of the previous announcement of the court, the

same conclusion was expressed as that of the majority of the court in Bessett's case, supra. The facts in the Whitley case were in substance the same as those in the other cases above named. There was neither a plea nor evidence on the subject of a suspended sentence. Believing as did Judge Davidson, that in each of the cases mentioned there was an invasion by the court on the function of the jury, the writer takes occasion to reiterate the words of Judge Davidson, in holding that the previous erroneous opinions should be abandoned, when he said: "The court ought to be correct in deciding the law, rather than consistent in error." If, however, the conclusion reached in the cases mentioned be regarded as a sound conclusion, it is not deemed a legitimate precedent as supporting the action of the court upon the facts portrayed by the present record. The verdict written and returned into court in the present instance did two things, namely: It declared the guilt of the appellant, and fixed his penalty. An essential part of the latter phase of the verdict was the declaration that the sentence should be suspended. It was not a matter of form but a matter of substance. It was not in the present instance without pleading but was based upon a pleading filed in due order and form. It was not without evidence, as in the cases mentioned, for it appears from the certified record on the motion for new trial that evidence supporting in some degree the suspension of the sentence had been given on the trial. Correction was not made in accord with the statute. Even if the matter stricken from the verdict could be regarded as a matter of form, the statute was not followed because the jury did not consent. It was not a matter of form, however, but a matter of vital substance which the jury alone could eliminate. There is no authority in the court to correct a verdict in the matter of substance. See Follis v. State, 51 Tex. Crim. Rep. 186; Thompson on Trials, 2d Ed., Vol. 2, p. 1918, sec. 2633. Nor can any verdict be changed or corrected by the court without the consent of the jury. Shaw v. State, 2 Tex. Crim. Rep. 487 (492). The judge in the present instance may have been authorized to refuse to receive the verdict because the issue of suspended sentence was not submitted. Even if the law sanctioned his refusal to receive the verdict, under the statutes which have been quoted it was imperative that he recommit the matter to the jury to the end that the jurors, in their retirement, might determine their verdict and write it in accord with their agreement or should be discharged on disagreement.

The judgment should be reversed and remanded.

*Reversed and remanded.*